**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>                          Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned to<br>IP address 24.1.235.247,<br><br>                          Defendant. | Civil Action No. 13-cv-8299<br><br>JURY TRIAL DEMANDED<br><br>Judge Sharon Johnson Coleman |

**<u>DEFENDANT JOHN DOE'S ANSWER</u>**

Defendant John Doe, subscriber assigned to IP address 24.1.235.247 ("Doe"), by its attorney D. James Nahikian, hereby answers the Complaint of Malibu Media, LLC ("Malibu Media").

**<u>INTRODUCTION</u>**

1.      This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

**<u>ANSWER</u>:**   Doe admits that this matter arises under the Copyright Act for claims of copyright infringement.  Except as expressly admitted herein, Doe denies each and every allegation set forth in Paragraph 1.

2.      Defendant is a persistent online infringer of Plaintiff's copyrights.  Indeed, Defendant's IP address as set forth on Exhibit A was used to illegally distribute each of the copyrighted movies set forth on Exhibit B.

**<u>ANSWER</u>:**   Doe denies that it is a persistent online infringer of Plaintiff's copyrights.  Doe lacks sufficient knowledge or information to admit or deny whether its IP address was used to distribute the content listed in Exhibit A and/or Exhibit B to the Complaint, and, on that basis denies each and every allegation set forth in Paragraph 2.

3.     Plaintiff is the registered owner of the copyrights set forth on Exhibit B (the "Copyrights-in-Suit").

**ANSWER:**     Doe admits that Exhibit B purports to identify registrations issued by the United States Copyright Office and owned by Plaintiff, and, avers that the document speaks for itself.  Except as expressly admitted herein, Doe denies each and every allegation contained in Paragraph 3.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

**ANSWER:**     Doe admits that this Court has subject matter jurisdiction over claims for copyright infringement arising under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (copyrights).  Except as expressly admitted herein, Doe denies each and every allegation set forth in Paragraph 4.

5.     Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over the Defendant because (i) Defendant committed the tortious conduct alleged in this Complaint in this State, and (ii) Defendant resides in this State and/or (iii) Defendant has engaged in substantial and not isolated business activity in this State.

**ANSWER:**     Doe admits that it resides in this judicial district and personal jurisdiction is proper on this basis.  Doe is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 5 and on that basis denies each and every other allegation contained therein.

6.     Based upon experience filing over 1,000 cases the geolocation technology used by Plaintiff has proven to be accurate to the District level in over 99% of the cases.

**ANSWER:** Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and on that basis denies each and every allegation contained therein.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant or Defendant's agent resides or may be found in this District.

**ANSWER:** Doe admits that it resides in this judicial district and venue is proper on this basis. Except as expressly admitted herein, Doe denies each and every allegation set forth in Paragraph 7.

## PARTIES

8. Plaintiff, Malibu Media, LLC, (d/b/a "X-Art.com") is a limited liability company organized and existing under the laws of the State of California and has its principal place of business located at 409 W. Olympic Blvd., Suite 501, Los Angeles, CA, 90015.

**ANSWER:** Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and on that basis denies each and every allegation contained therein.

9. Plaintiff only knows Defendant by his, her or its IP Address. Defendant's IP address is set forth on Exhibit A.

**ANSWER:** Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis denies each and every allegation contained therein.

10. Defendant's Internet Service Provider can identify the Defendant.

**ANSWER:** Doe denies that the Internet Service Provider can identify "the" Defendant. Doe is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in Paragraph 10 and on that basis denies each and every allegation contained therein.

**FACTUAL BACKGROUND**

**I.      DEFENDANT USED THE BITTORRENT FILE DISTRIBUTION NETWORK TO INFRINGE PLAINTIFF'S COPYRIGHTS**

> **ANSWER:**    Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the headings immediately above and on that basis denies each and every allegation contained therein.

11.      The BitTorrent file distribution network ("BitTorrent") is one of the most common peer-to-peer file sharing venues used for distributing large amounts of data, including, but not limited to, digital movie files.

> **ANSWER:**    Doe admits to the description of BitTorrent contained in Paragraph 11.

12.      BitTorrent's popularity stems from the ability of users to directly interact with each other in order to distribute a large file without creating a heavy load on any individual source computer and/or network.  The methodology of BitTorrent allows users to interact directly with each other, thus avoiding the need for intermediary host websites which are subject to DMCA take down notices and potential regulatory enforcement action.

> **ANSWER:**    Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies each and every allegation contained therein.

13.      In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces called bits.  Users then exchange these small bits amongst each other instead of attempting to distribute a much larger digital file.

> **ANSWER:**    Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies each and every allegation contained therein.

14.     After the infringer receives all of the bits of a digital media file, the infringer's BitTorrent client software reassembles the bits so that the file may be opened and utilized.

**ANSWER:**    Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on that basis denies each and every allegation contained therein.

15.     Each bit of a BitTorrent file is assigned a unique cryptographic hash value.

**ANSWER:**    Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and on that basis denies each and every allegation contained therein.

16.     The cryptographic hash value  of the bit ("bit hash") acts as that bit's unique digital fingerprint.  Every digital file has one single possible cryptographic hash value correlating to it.  The BitTorrent protocol utilizes cryptographic hash values to ensure each bit is properly routed amongst BitTorrent users as they engage in file sharing.

**ANSWER:**    Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and on that basis denies each and every allegation contained therein.

17.     The entirety of the digital media file also has a unique cryptographic hash value ("file hash"), which acts as a digital fingerprint identifying the digital media file (e.g. a movie).  Once infringers complete downloading all bits which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate.

**ANSWER:**    Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and on that basis denies each and every allegation contained therein.

18.     Plaintiff's investigator, IPP International UG, established a direct TCP/IP connection with the Defendant's IP address as set forth on Exhibit A.

**ANSWER:** Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis denies each and every allegation contained therein.

19. IPP International UG downloaded from Defendant one or more bits of each of the digital movie files identified by the file hashes on Exhibit A.

**ANSWER:** Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis denies each and every allegation contained therein.

20. On information and belief, Defendant downloaded, copied, and distributed a complete copy of Plaintiff's movies without authorization as enumerated on Exhibit A.

**ANSWER:** Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies each and every allegation contained therein.

21. Each of the cryptographic file hashes as set forth on Exhibit A correlates to copyrighted movies owned by Plaintiff as identified on Exhibit B.

**ANSWER:** Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on that basis denies each and every allegation contained therein.

22. IPP International UG downloaded from Defendant one of more bits of each file hash listed on Exhibit A. IPP International UG further downloaded a full copy of each file hash from the BitTorrent file distribution network and confirmed through independent calculation that the file hash matched what is listed on Exhibit A. IPP International UG then verified that the digital media file correlating to each file hash listed on Exhibit A contained a copy of a movie which is identical (or alternatively, strikingly similar or substantially similar) to the movie associated with that file hash on Exhibit A. At no time did IPP International UG upload Plaintiff's copyrighted content to any other BitTorrent user.

**ANSWER:** Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis denies each and every allegation contained therein.

23. IPP International UG connected, over a course of time, with Defendant's IP address for each hash value as listed on Exhibit A. The most recent TCP/IP connection between IPP and the Defendant's IP address for each file hash value listed on Exhibit A is included within the column labeled Hit Date UTC. UTC refers to Universal Time which is utilized for air traffic control as well as for computer forensic purposes.

**ANSWER:** Doe admits to the description of Universal Time, or "UTC." Except as expressly admitted herein, Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and on that basis denies each and every allegation contained therein.

24. An overview of the Copyrights-in-Suit, including each hit date, date of first publication, registration date, and registration number issued by the United States Copyright Office is set forth on Exhibit B.

**ANSWER:** Doe admits that Exhibit B purports to be an overview of the Copyrights-in-Suit, including hit dates, dates of first publication, registration dates, and registration numbers issued by the United States Copyright Office and avers that the document speaks for itself. Except as expressly admitted herein, Doe denies each and every allegation contained in Paragraph 24.

25. IPP's software also logged Defendant's IP address being used to distribute third party files through BitTorrent. This evidence indicates that Defendant engaged in BitTorrent transactions associated with 437 number of files between 12/09/2012 and 11/13//2013. Collectively, this evidence is referred as the "Additional Evidence".

**ANSWER:** Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and on that basis denies each and every allegation contained therein.

26. Plaintiff has the Additional Evidence on a document and can produce it.

**ANSWER:**     Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis denies each and every allegation contained therein.

27.     The Additional Evidence demonstrates that Defendant is a persistent BitTorrent user.

**ANSWER:**     Doe denies that it is a persistent BitTorrent user.  Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies each and every allegation contained therein.

28.     Many of the titles to the third party works may also be relevant to proving Defendant is the infringer because they correlate to the Defendant's hobbies, profession, or other interests.

**ANSWER:**     Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and on that basis denies each and every allegation contained therein.

## MISCELLANEOUS

29.     All conditions precedent to bringing this action have occurred or been waived.

**ANSWER:**     Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies each and every allegation contained therein.

30.     Plaintiff has retained counsel and is obliged to pay said counsel a reasonable fee for its services.

**ANSWER:**     Doe admits that Plaintiff has retained counsel.  Except as expressly admitted herein, Doe denies each and every allegation contained in Paragraph 30.

## COUNT I

### DIRECT INFRINGEMENT AGAINST DEFENDANT

31.     The allegations contained in paragraphs 1-30 are hereby re-alleged as if fully set forth herein.

**ANSWER:**     Doe hereby repeats and incorporates by reference each of its answers to paragraphs 1 through 30 above.

32.     Plaintiff is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, each of which covers an original work of authorship.

**ANSWER:**     Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on that basis denies each and every allegation contained therein.

33.     By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.

**ANSWER:**     Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis denies each and every allegation contained therein.

34.     Plaintiff did not authorize, permit or consent to Defendant's distribution of its works.

**ANSWER:**     Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on that basis denies each and every allegation contained therein.

35.     As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A)     Reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B)     Redistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C)     Perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the works' images in any sequence and/or by making the sounds accompanying the works audible and transmitting said performance of the works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D)     Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works nonsequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

**ANSWER:**     Doe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 or its subparagraphs and on that basis denies each and every allegation contained therein.

36.     Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

**ANSWER:**     Even if the facts of Doe's infringement and liability were both hypothetically established by Malibu Media, Doe would deny that any such infringement was willful within the meaning of 17 U.S.C. § 504(c)(2).

## PRAYER FOR RELIEF

In response to Malibu Media's prayer for relief, Doe denies each and every allegation contained therein, and, further Doe specifically denies that Malibu Media is entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

Doe asserts the following as separate and affirmative defenses to the Complaint. By virtue of having listed the following defenses, Doe does not assume any legal or factual burden not otherwise assigned to it under the law.  Doe reserves the right to amend its answer and affirmative defenses as this matter progresses.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Malibu Media's claims are barred, in whole or in part, by the doctrine of laches, waiver, estoppel, and/or equitable estoppel.

## THIRD AFFIRMATIVE DEFENSE

Malibu Media's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Doe has not caused Malibu Media to suffer any damages, and, in any event, Malibu Media's claims for damages are too speculative and are barred and/or must be offset due to its failure to mitigate its alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

Malibu Media has acquiesced in Doe's alleged conduct.

## SIXTH AFFIRMATIVE DEFENSE

Malibu Media's claims are barred by the applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Malibu Media's claims are barred in whole or in part by the doctrine of copyright misuse.

## EIGHTH AFFIRMATIVE DEFENSE

Malibu Media's claims are barred in whole or in part by licenses, express and implied, granted or authorized to be granted by Malibu Media or the copyright owner.

### NINTH AFFIRMATIVE DEFENSE

Malibu Media's claims for statutory damages on each purported copyrighted work at issue are barred in whole or in part to the extent that a statutory fee award has already been received by Malibu Media for that work from settlements or judgments paid by third parties who were involved in related infringing activity via BitTorrent of the same work or file. A plaintiff can be entitled but to one satisfaction.

### TENTH AFFIRMATIVE DEFENSE

Malibu Media's damages, if any, are limited by 17 U.S.C. § 504(c)(2) insofar as Doe was unaware and lacked reason to believe its acts constituted an infringement of copyright.

### ELEVENTH AFFIRMATIVE DEFENSE

Malibu Media's claims are barred in whole or in part because it failed to mitigate its damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

Malibu Media's claims are barred in whole or in part by the doctrine of fair use.

### PRAYER FOR RELIEF

WHEREFORE, Doe respectfully requests entry of judgment in its favor and against Malibu Media as follows:

1.     That the Court dismiss Malibu Media's Complaint with prejudice and that Malibu Media takes nothing by reason of the Complaint.

2.     That the Court enter judgment against Malibu Media and in favor of Doe.

3.      That the Court enter judgment declaring that Doe has not infringed any of Malibu Media's alleged copyrights, has not committed any acts in violation of the copyright laws, and has not infringed any other alleged rights of Malibu Media.

4.      That the Court enter judgment declaring that Malibu Media's alleged copyrights are unenforceable and cancelling them.

5.      That the Court award Doe its reasonable fees and costs in defending this action.

6.      That the Court find this case to be exceptional and award Doe its attorney fees.

7.      That the Court award Doe such other and further relief as the Court may deem just and appropriate.

## JURY DEMAND

Doe requests a trial by jury on all issues so triable.

Dated:  May 7, 2014                                Respectfully submitted,


                                                   By:        /s/ D. James Nahikian
                                                          D. James Nahikian (IL 6237746)

                                                          NAHIKIAN GLOBAL
                                                          Intellectual Property & Technology
                                                           Law Group
                                                          1636 North Wells Street, Suite 415
                                                          Chicago, Illinois 60614-6009
                                                          (312) 399-3099
                                                          jnahikian@nahikianglobal.com
                                                          *Attorney for John Doe*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2014, a copy of the foregoing DEFENDANT JOHN DOE'S ANSWER was filed with the Court via the CM/ECF electronic filing system, thereby serving it upon all counsel of record including:

Mary K. Schulz
Schulz Law, P.C.
1144 East State Street, Suite A260
Geneva, Illinois 60134-2405
schulzlaw@me.com

/s/ D. James Nahikian
D. James Nahikian